IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40310
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VERNON EARL COLEMAN,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-97-CV-140 (L-95-CR-213-1)
- - - - - - - - - -
November 13, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Vernon Earl Coleman, federal prisoner # 69727-079, appeals

the district court's denial of his 28 U.S.C. § 2255 motion.

Coleman argues that his trial counsel was ineffective for failing

to move to suppress his confession on the grounds that the law

enforcement officers failed to scrupulously honor his invocation

of his Fifth Amendment right to silence according to Michigan v.

Mosley, 423 U.S. 96 (1975); that trial counsel was ineffective

for failing to call his girlfriend, Rhonda Reece, as a witness at

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the suppression hearing to testify about statements she heard the

law enforcement officers make about her facing prosecution unless Coleman confessed; and that appellate counsel was ineffective for failing to appeal the district court's application of the obstruction of justice sentencing guideline.

The district court granted a certificate of appealability (COA) on the first issue but denied a COA on the two latter issues. If an appellant does not expressly request that the district court's partial grant of COA be broadened to issues on which the district court denied COA, then this court will not consider those issues. Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997). If, on the other hand, the appellant explicitly requests that the grant of COA be broadened to issues on which the district court denied COA, then this court may consider whether to grant COA on those issues. United States v. Kimler, 150 F.3d 429, 431 and n.1 (5th Cir. 1998). An implicit request by briefing the issues is not sufficient; this court requires a more express request. Id. at 431 n.1.

Although Coleman has briefed the two issues for which the district court denied a COA, he has not expressly requested this court to grant a COA on those issues, either in his brief or in a separate motion for a COA. According to Lackey and Kimler, we may not consider these issues.

Assuming arguendo that Coleman did sufficiently invoke his right to remain silent, and applying the Mosley factors, the record does not support Coleman's argument that the law

enforcement officers did not honor his right to remain silent. Because the issue is legally meritless, Coleman's counsel was not ineffective for failing to object to the use of his confession on this ground.  <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).  Because the record of the suppression hearing conclusively shows that Coleman is entitled to no relief, no evidentiary hearing was required.  <u>See</u> <u>United States v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992).

AFFIRMED.